UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

COREY BENSON,

        Plaintiff,

     v.                                                Case No. 23-cv-1472-bhl

C. YORK, et al.,

        Defendants.
_____

**DECISION AND ORDER**
_____

        Plaintiff Corey Benson is representing himself in this 42 U.S.C. §1983 action. Along with his complaint, Benson filed a motion for an order allowing him to use funds in his release account to pay the $402 civil case filing fee. Dkt. No. 4. The Prison Litigation Reform Act (PLRA) applies to this case because Benson was incarcerated when he filed his complaint. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466).

        Benson acknowledges that federal courts generally do not focus on the release account as the source of funds to satisfy the filing fee payment requirements because allowing that practice would significantly deplete the value of that account, thereby undermining the very purpose of the account. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). But Benson

explains that his circumstances justify departing from that general practice. According to Benson, he is serving a life sentence and has no mandatory release/extended supervision date or maximum discharge date. Benson asserts that, because no date has been identified by which he will be released from custody, he is unlikely to ever need the funds in his release account.

Given Benson's circumstances and the likelihood that he will not need the funds in his release account, the Court will grant his motion to use the funds in his release account to pay the $402 civil case filing fee. Because Benson desires to pay the full civil case filing fee with those funds, the Court will deny his motion to proceed without prepaying the filing fee as moot and will vacate the order requiring Benson to pay an initial partial filing fee. *See* Dkt. No. 7. The Court will screen Benson's complaint pursuant to 28 U.S.C. §1915A after Benson pays the $402 filing fee. Benson is responsible for making arrangements with authorities to pay the fee. The Court encourages him to send a copy of this order along with his distribution request.

**IT IS THEREFORE ORDERED** that Benson's motion to use funds in his release account to pay the $402 civil case filing fee (Dkt. No. 4) is **GRANTED**. Benson is responsible for making arrangements with the authorities to pay the fee. If the Court does not receive the $402 filing fee or an explanation of why he could not pay the fee by **December 5, 2023**, the Court will dismiss this action based on Benson's failure to pay the filing fee.

**IT IS FURTHER ORDERED** that Benson's motion for leave to proceed without prepaying the filing fee (Dkt. No. 2) is **DENIED as moot** and the Court's November 9, 2023 order requiring Benson to pay an initial partial filing fee (Dkt. No. 7) is **VACATED**.

Dated at Milwaukee, Wisconsin on November 16, 2023.

s/ *Brett H. Ludwig*  
BRETT H. LUDWIG  
United States District Judge