UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COREY BENSON,

               Plaintiff,

         v.                                   Case No. 23-cv-1472-bhl

C. YORK,
L. WILSON,
R. HEPP,
E. DAVIDSON, and
C. O'DONNELL,

               Defendants.

## SCREENING ORDER

     Plaintiff Corey Benson, who is currently serving a state prison sentence at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated.  On November 30, 2023, he paid the $402 civil case filing fee.  This matter comes before the Court for screening of the complaint.  *See* 28 U.S.C. §1915A.

### SCREENING OF THE COMPLAINT

     The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity and must dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. §1915A(b).  In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.  To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short

and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

### ALLEGATIONS OF THE COMPLAINT

Benson's allegations are not entirely clear, but it appears that in February 2022, he purchased two law books from Amazon, an institution-approved vendor. One of the books was "Smith's Legal Guide to Habeas Corpus Relief for State Prisoners under 28 U.S.C. § 2254." According to Benson, the first law book was delivered to the institution on March 16, 2022, and given to Benson on March 29, 2022 without issue. Benson asserts that Defendant Sgt. York refused to deliver the habeas guide to Benson even though it was ordered from the same vendor, had similar size dimensions as the first law book, contained a receipt as required by policy, and was shipped in the same standard Amazon packaging as the first law book. Dkt. No. 1 at 2-3

2

Benson asserts that York denied delivery on the following grounds: 1) the book was contraband; 2) there was no return address on the envelope; and 3) the item posed a threat to the security, orderly operation, discipline or safety of the facility. Benson asserts that he filed an inmate complaint about the non-delivery, and Defendant Institution Complaint Examiner L. Wilson agreed with York's refusal to deliver the book. Defendants Warden R. Hepp, Corrections Complaint Examiner E. Davidson, and C. O'Donnell from the Office of the Secretary all upheld the dismissal of Benson's inmate complaint. Benson asserts that he repurchased the book later in 2023, and the book has been in his possession since October 5, 2023. Dkt. No. 1 at 3-4.

## THE COURT'S ANALYSIS

Benson seeks to state several claims in connection with Defendants' refusal to deliver the habeas book to him. The Court will address each in turn.

First, Benson raises claims for violating his right to free speech under the First Amendment. "A prison's refusal to allow an inmate access to a book 'presents a substantial First Amendment issue. Freedom of speech is not merely freedom to speak; it is also freedom to read." *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012). Benson therefore states a claim against Defendant York based on allegations that he refused to deliver the habeas book he purchased. Further development of the record is necessary to determine whether the refusal to deliver the habeas book was reasonably related to a legitimate penological interest. *Id.*; *see also Turner v. Safely*, 482 U.S. 78, 89-91 (1987).

Whether Benson states claims against the other Defendants is a closer call. The Court acknowledges that officials who merely rule against a prisoner on an inmate complaint about a completed act of misconduct are not liable. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007). Construing Benson's complaint broadly, however, he plausibly alleges that Defendants L. Wilson, R. Hepp, E. Davidson, and C. O'Donnell might have had the authority to intervene and

3

order York to deliver the book. Their alleged failure to do so is sufficient for Benson to state a First Amendment claim against them.

Benson also asserts a First Amendment retaliation claim against the Defendants. To state a retaliation claim, a prisoner must allege that "(1) he engaged in an activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the defendants' decision to take the retaliatory action." *Perez v. Fenoglio*, 792 F.3d 768, 783 (7th Cir. 2015) (quoting *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009)). Benson alleges that he exercised his First Amendment rights to purchase a habeas book. He further alleges that Defendants improperly refused to deliver the habeas book to him despite him complying with the relevant policies. Given prisoners' limited resources, Defendants' alleged improper refusal to deliver the habeas book could, at least at this stage, be considered a deprivation that would deter a prisoner of ordinary firmness from purchasing books in the future. Development of the record is needed to determine whether Benson's First Amendment activity was at least a motivating factor in Defendants' decision not to deliver the book to him.

Benson is not successful in attempting to state an access-to-the-courts claim. "[T]o satisfactorily state a claim for an infringement of the right of access, prisoners must also allege an actual injury." *In re Maxy*, 675 F.3d 658 660-61 (7th Cir. 2012) (citing, in part, *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009)). Benson identifies no legitimate challenge to a conviction, sentence, or prison condition that he was unable to pursue as a result of not receiving the habeas book, and speculation that he may suffer some unspecified future harm is insufficient to state a claim. *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (holding that a complaint is insufficient to state an access-to-the-courts claim "on speculation that he would suffer some unspecified future harm during his postconviction proceedings").

Finally, Benson fails to state a due process claim based on Defendants' failure to deliver the habeas book to him. "The Due Process Clause of the Fourteenth Amendment requires states to provide citizens with adequate procedural protections relative to certain deprivations, a violation of which is actionable under § 1983." *Orozco v. Dart*, 64 F.4th 806, 814 (7th Cir. 2023) (citations omitted). To prevail on such a claim, a plaintiff "must show two things: (1) deprivation of a protected interest and (2) insufficient procedural protections surrounding that deprivation." *Id.* (citations and internal punctuation omitted). Even assuming Benson had a protected interest in the book he ordered, he fails to state a claim because his allegations show that he was afforded all the process he was due under the Constitution. According to Benson, he received a notice of non-delivery that included the reasons York was refusing to deliver the book. Benson then had an opportunity to challenge the non-delivery through the inmate complaint review system. The Seventh Circuit recently held that similar procedures in similar circumstances were constitutionally adequate. *See id.* at 818-821.

**IT IS THEREFORE ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Benson's complaint and this order are being electronically sent today to the Wisconsin Department of Justice for service on C. York, L. Wilson, R. Hepp, E. Davidson, and C. O'Donnell.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, C. York, L. Wilson, R. Hepp, E. Davidson, and C. O'Donnell shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Benson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Benson may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on December 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

6