UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

COREY BENSON,

                Plaintiff,

v.                                           Case No. 23-cv-1472-bhl

CHARLES YORK, et al.,

                Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Corey Benson, who is incarcerated at Waupun Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On April 15, 2024, Defendants filed a motion for partial summary judgment on the ground that Benson failed to exhaust the available administrative remedies in connection with his claim that Defendants retaliated against him in violation of the First Amendment. Dkt. No. 20. Despite multiple extensions of the deadline to respond, Benson did not respond to the motion. Nevertheless, for the reasons explained below, the Court will deny the motion.

### BACKGROUND

      Benson is proceeding, in part, on a First Amendment retaliation claim. *See* Dkt. No. 9. As the Court explained in the screening order:

> Benson alleges that he exercised his First Amendment rights to purchase a habeas book. He further alleges that Defendants improperly refused to deliver the habeas book to him despite him complying with the relevant policies. Given prisoners' limited resources, Defendants' alleged improper refusal to deliver the habeas book could, at least at this stage, be considered a deprivation that would deter a prisoner of ordinary firmness from purchasing books in the future. Development of the record is needed to determine whether Benson's First Amendment activity was at least a motivating factor in Defendants' decision not to deliver the book to him.

*Id.* at 4.

On April 15, 2024, Defendants moved for partial summary judgment on the ground that Benson failed to exhaust the available administrative remedies in connection with the retaliation claim. Dkt. No. 20. Defendants explain that Benson filed one inmate complaint that is relevant to this claim. In it, Benson stated that he had ordered two legal books after confirming the process for ordering books with Defendant Charles York. Benson further stated that one of the books was delivered to him, but the other was not, even though it was a similar size and was packaged the same way as the other book. After investigating the inmate complaint, the institution complaint examiner recommended it be dismissed. The reviewing authority dismissed the complaint on April 19, 2022. Benson's appeal was dismissed on June 22, 2022. Dkt. No. 22 at ¶¶1-16.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at

trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

**ANALYSIS**

The Prison Litigation Reform Act, which applies to this case because Plaintiff was a prisoner when he filed his complaint, provides that an inmate cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The Seventh Circuit has explained that the "primary purpose of the exhaustion doctrine [is to] alert[] the prison officials to the existence of the problem and afford[] an opportunity to repair the injury." *Lockett v. Bonson*, 937 F.3d 1016, 1027 (7th Cir. 2019). An inmate need only "provide[] notice to the prison of the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citations omitted). "As in a notice-pleading system, the grievant need not lay out the facts, *articulate legal theories*, or demand particular relief. All the grievance need do is object intelligibly to some asserted shortcoming." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002) (emphasis added).

Defendants assert that, "[t]o exhaust a retaliation claim, an offender complaint must contain at least two pieces of information: (1) the protected conduct that provoked the retaliation, and (2) the retaliatory act." Dkt. No. 21 (citing *Lockett v. Goff*, No. 17-cv-93-JDP, 2017 WL 4083596 (W.D. Wis. May 24, 2013)). Defendants note that "Benson's complaint arguably includes the second piece of information—him not [] receiving the book" but that the inmate complaint "contains no reference to the protected conduct that he now alleges provoked the retaliatory act." Dkt. No. 21 at 9.

Defendants' argument cannot be squared with the undisputed facts. In the screening order, the Court explained that Benson stated a retaliation claim based on allegations that "he exercised

3

his First Amendment rights to purchase a habeas book" (the protected conduct) and that "Defendants improperly refused to deliver the habeas book to him despite him complying with the relevant policies" (the alleged retaliatory act). Based on the proposed findings of fact submitted by Defendants, Benson explained in the inmate complaint that "he ordered two legal books from an approved institution vendor, Amazon" and that York delivered only one of the books. Dkt. No. 22 at ¶¶5-6. Thus, according to the standard for exhausting a retaliation claim that Defendants themselves articulated, Benson's inmate complaint included the two pieces of information needed to alert prison officials to the existence of a problem. Defendants' motion for partial summary judgment on exhaustion grounds must therefore be denied.

**IT IS THEREFORE ORDERED** that Defendants' motion for partial summary judgment for failure to exhaust the administrative remedies (Dkt. No. 20) is **DENIED**.

**IT IS FURTHER ORDERED** that the Parties may file motions for summary judgment on the merits, together with supporting materials, no later than **September 6, 2024.**

Dated at Milwaukee, Wisconsin on August 6, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge