IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

COREY BENSON,

      Plaintiff,

v.                               Case No. 23-CV-1472

CHARLES YORK, et al.,

      Defendants.

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF CROSS MOTION FOR SUMMARY JUDGMENT**

The parties each moved for summary judgment in this First Amendment case about a book denial. Plaintiff Corey Benson has failed to show any genuine dispute of material fact that precludes judgment in Defendants' favor on any of his claims. Judgment should be granted for Defendants and the case should be dismissed.

### Argument

**I. Benson's First Amendment free speech claim should be dismissed because York denied the package for the legitimate penological reason of it lacking a return address.**

Benson alleges Defendant York violated his First Amendment freedom of speech rights by preventing him from receiving one package. The package was denied because it had no return address. (DPFOF ¶36); *see also* DAI policy 309.04.01 V.E.2.a.ii ("Incoming mail shall be addressed with the following or it may be returned to sender: … Sender's complete return address.") Because the mail item did not have a return address, Defendant York deemed it suspicious. (DPFOF ¶ 89); *see also* DAI

Policy 309.04.01(V)(D)(1) ("Suspicious mail characteristics may include but not be limited to: … f. No return name or address.") Due to the mail's suspicious characteristics, York did not open the package to investigate the contents or attempt to determine what the contents may be. (DPFOF ¶34.) For all of the reasons articulated in Defendants' brief-in-chief, the mail was denied based on legitimate security interests. (Dkt. 39:9-10.)

Benson argued the security concerns are exaggerated. However, he has no foundation by which to second-guess the DAI policies nor the security training of the Property Sergeant. Benson further argued that because another book from the same vendor was permitted, this book should have been too. But the permitted book did not lack a return address, like the denied book. And even if the permitted book could have been deemed suspicious for some other reason, inconsistencies in the application of rules do not prove the rule is unreasonable. *Mays v. Springborn,* 575 F.3d 643, 649 (7th Cir. 2009).

As for the alternative means available to Benson to exercise his First Amendment rights, Defendants had suggested Benson could order the book from elsewhere to ensure it came with a return address. Benson argued Amazon is the only distributer. It is unclear how Benson would know this. But even if Amazon were the only distributer, Benson could have communicated with a friend or family member who could have then sent him the package in accordance with prison policy. In any event, it is undisputed that Benson has since received the desired book. (DPFOF ¶ 47.)

York also argued there were no reasonable accommodations that could be made for Benson that would not have violated internal prison mail policy and there was no viable accommodations or alternatives that Defendant York could have taken. Benson did not refute York on either point.

The *Turner* factors weigh in favor of York. Judgment should be granted in his favor on the First Amendment claim.

## II. Judgment should be granted for Wilson, Hepp, Davidson, and O'Donnell on the failure to intervene claims.

Benson also sued the individuals involved in the inmate grievance process, alleging they failed to intervene to protect him from York violating his constitutional rights. As argued above, York did not violate Benson's rights, so there was no underlying constitutional violation in which to intervene. Judgment should be granted for these Defendants on this basis alone.

These Defendants also argued they lack personal involvement because their only involvement was in the grievance process. Unless there was some significant failure on the part of the reviewing authority, akin to "routinely sen[ding] each grievance to the shredder without reading it," *see Burks v. Raemisch,* 555 F.3d 592, 596 (7th Cir. 2009), reviewing an inmate complaint cannot expose the reviewer to § 1983 liability.

Benson's response focused on identifying the personal involvement of these Defendants in investigating and ruling on his grievance. But Defendants never claimed non-involvement in the grievance process. Rather, they claimed insufficient involvement in the activity underlying any constitutional violation to make them

personally liable for a § 1983 violation, based on well-established Seventh Circuit case law. *See George v. Smith*, 507 F.3d 605, 609–10 (7th Cir. 2007). These Defendants did nothing close to sending Benson's grievance to the shredder without reading it. Therefore, they cannot be held liable under § 1983 for how they reviewed his inmate complaint.

### III. Judgment should be granted for York, Wilson, Hepp, Davidson, and O'Donnell on Benson's retaliation claims.

Benson alleged the Defendants retaliated against him in violation of his First Amendment rights by refusing to deliver his package despite him complying with the relevant policies. Defendants argued Benson was not engaging in protected speech because his package violated prison policies; the denial of the book was not sufficiently adverse to sustain a retaliation claim; and Benson's First Amendment activity was not a motivating factor. (Dkt. 39:16-20.)

Benson argued the retaliation claim was waived because Defendants moved for summary judgment on exhaustion grounds on that claim and lost. (Dkt. 48:13-15.) Benson is incorrect. Matters of exhaustion are properly addressed prior to the merits. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2008). Indeed, the Court set a deadline for briefing on exhaustion grounds (April 15, 2024) and a deadline for briefing on the merits (August 14, 2024). DKt. 15:2.) Therefore, Defendants did not concede the merits of the retaliation claim by filing a motion for summary judgment on exhaustion grounds. However, by not responding to Defendants' motion on the merits of the retaliation claim, Plaintiff has now conceded the claim. *See Wojtas v. Capital Guardian Trust*

*Co.*, 477 F.3d 924, 926 (7th Cir. 2007). Judgment should be granted in Defendants' favor on the retaliation claim.

### IV.     The Defendants are entitled to summary judgment on any claim for compensatory or punitive damages.

Defendants argued Benson cannot recover compensatory damages for mental or emotional injury because he has not claimed any physical injury. Benson clarified he is not asserting a claim for mental or emotional injury. Thus, the only compensatory damages he would be entitled to, if any, would be the cost of the package.

As for punitive damages, Benson argued Defendants engaged in "plainly unlawful conduct." (Dkt. 48:15.) They did not. But even if Benson could show they did, this is not the standard required to warrant punitive damages. Therefore, the punitive damages request should be dismissed.

### V.     Defendants are entitled to qualified immunity.

Finally, Defendants argued they are entitled to qualified immunity because it is not clearly established that denying a package for lacking a return address is unconstitutional, nor is it clearly established that there was any unconstitutional activity in which the grievance examiners should have intervened.

Benson argues there is a clearly established right to legal books, and a clearly established freedom to read. But this articulation of the right at issue is far to generalized. As the United States Supreme Court recently reiterated, "clearly established law should not be defined at a high level of generality. . . . Otherwise, plaintiffs would be able to convert the rule of qualified immunity . . . into a rule of

5

virtually unqualified liability simply by alleging violation of extremely abstract rights." *White v. Pauly*, 137 S. Ct. 548, 552 (2017).

Benson has provided no cases to refute Defendants' entitlement to qualified immunity. The claims should therefor be dismissed on this basis as well.

## Conclusion

For the reasons stated above and in Defendants' brief-in-chief, Defendants' Cross Motion for Summary Judgment should be granted, Plaintiff's Motion for Summary Judgment should be denied, judgment should be entered in Defendants' favor, and the case should be dismissed.

Dated: November 20, 2024

Respectfully submitted,

JOSHUA L. KAUL
Attorney General of Wisconsin

ASHLEY FARD
Assistant Attorney General
State Bar #1121454

s/Rebecca A. Paulson
REBECCA A. PAULSON
Assistant Attorney General
State Bar #1079833

Attorneys for Defendants

Wisconsin Department of Justice
Post Office Box 7857
Madison, Wisconsin 53707-7857
(608) 261-8120 (Fard)
(608) 266-0278 (Paulson)
(608) 294-2907 (Fax)
farda@doj.state.wi.us
paulsonra@doj.state.wi.us