UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

COREY BENSON,

        Plaintiff,

        v.                      Case No. 23-cv-1472-bhl

CHARLES YORK et al.,

        Defendants.

---

## DECISION AND ORDER

---

      Plaintiff Corey Benson is representing himself in this 42 U.S.C. §1983 action. On January 21, 2025, the Court granted Defendants' motion for summary judgment and dismissed this case. On February 14, 2025, Benson filed a notice of appeal and a motion for leave to proceed without prepaying the filing fee (*in forma pauperis*). But Benson also filed a motion for leave to pay the entire $605 appellate filing fee using the money in his release account. The Court will allow Benson to use the money in his release account to pay the appellate filing fee and will therefore deny as moot his motion to proceed *in forma pauperis*.

      The Prison Litigation Reform Act (PLRA) applies to this case because Benson was incarcerated when he filed his notice of appeal. That law requires the Court to collect filing fees from a "prisoner's account." 28 U.S.C. §1915(b). Wisconsin prisoners have two types of accounts, a regular account and a release account. *Spence v. McCaughtry*, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). "A release account is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the prisoner's release from custody upon completion

of his sentence." *Wilson v. Anderson*, Case No. 14-C-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code § DOC 309.466).

Benson acknowledges that federal courts generally do not focus on the release account as the source of funds to satisfy the filing fee payment requirements because allowing that practice would significantly deplete the value of that account, thereby undermining the very purpose of the account. *See Smith v. Huibregtse*, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001). But Benson explains that the circumstances of his incarceration justify departing from that general practice. According to Benson, he is serving a life sentence and has no mandatory release/extended supervision date or maximum discharge date. Benson asserts that, because no date has been identified by which he will be released from custody, he is unlikely to ever need the funds in his release account.

Given Benson's unique circumstances and the likelihood (indeed, near certainty) that he will not have the opportunity to use the money in his release account, the Court will grant his motion to use those funds to pay the $605 appellate filing fee. Because Benson desires to pay the full fee, the Court will deny as moot his motion to proceed without prepaying the appellate filing fee. Benson is responsible for making arrangement with authorities to pay the fee. The Court encourages him to send a copy of this order along with his disbursement request.

**IT IS THEREFORE ORDERED** that Benson's motion to use money in his release account to pay the $605 appellate filing fee (Dkt. No. 59) is **GRANTED** and his motion to proceed on appeal without prepaying the filing fee (Dkt. No. 57) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that by **March 20, 2025**, Benson shall forward to the Clerk of Court **$605** as the filing fee in this appeal. Benson's failure to comply with this order may result

2

Case 2:23-cv-01472-BHL    Filed 02/19/25    Page 2 of 3    Document 63

in dismissal of his appeal. The payment shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined.

**IT IS FURTHER ORDERED** that a copy of this order be provided to the PLRA Attorney, United States Court of Appeals for the Seventh Circuit, through the Court's electronic case filing system.

Dated at Milwaukee, Wisconsin on February 19, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge
